STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

DUNELLEN, LLC,
Plaintiff,

v.

GETTY PROPERTIES CORPORATION,
Defendant.

P.C. No. 05-6389

**COMPLAINT**

Dunellen, LLC brings this declaratory judgment action to establish the obligations that burden Getty Properties Corporation's right to use the north side of the Wilksbarre Pier and appurtenant facilities.

**Parties, Jurisdiction, and Venue**

1. Dunellen, LLC ("Dunellen") is a limited liability company organized and existing under the laws of Delaware and with its principal place of business at 100 Dexter Road, East Providence, Rhode Island.

2. Getty Properties Corporation ("Getty Properties") is a corporation organized and existing under the laws of Delaware with its principal place of business at 125 Jericho Turnpike, Jericho, New York. Getty Properties is registered to do business in the State of Rhode Island.

3. This Court has jurisdiction over the subject matter of this action pursuant to RIGL §§ 8-2-13 and 8-2-14, and 9-30-1 et seq.

4. This Court has general and specific personal jurisdiction over Getty Properties based on its continuous, systematic, and specific contacts with and within the State of Rhode Island. This Court has long-arm jurisdiction pursuant to RIGL § 9-5-33.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 DEC 15 A 11:31

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5. Venue is proper in this county pursuant to RIGL § 9-4-2.

**Facts Common to All Counts**

6. The Wilksbarre Pier (the "Pier") extends from the shore of East Providence, Rhode Island into the upper neck of Narragansett Bay. The Pier was constructed during the 1870's by the Wilkesbarre Coal and Iron Co. and was later acquired by the Providence and Worcester Railroad Company ("P&W"). Originally, the Pier was used for offloading coal from barges. Today, it is used primarily for offloading petroleum products (in particular, gasoline and Number 2 fuel oil) from barges and deep water vessels through two petroleum pipelines. These two petroleum pipelines run over the Pier and continue underground within a pipeline easement beginning at the foot of the Pier to two oil terminals facilities located 2 ½ miles away in the Phillipsdale section of East Providence. Dunellen owns one of the oil terminals. Getty Properties owns the other oil terminal.

7. Between November 8, 1977 and December 31, 1997, Getty Properties' predecessors-in-interest, the Providence and Worcester Railroad Company ("P&W") and others operated under a series of pier operating agreements. These agreements, inter alia, allocated the expenses incident to the Pier. Effective December 31, 1997, Getty Properties (f/k/a Getty Realty Corporation) withdrew from the last of these agreements.

8. By deed effective January 1, 1998, P&W conveyed to Capital Terminal Company ("CTC") its entire right, title, and interest in the Pier, the underwater land beneath the Pier, the pipelines and the appurtenant berthing and unloading facilities, as declared by the Supreme Court in Providence and Worcester Co. v. Exxon Corp., 116 R.I. 470, 359 A.2d 329 (1976). P&W also conveyed to CTC all right title and interests

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

under the deeds from Getty to P&W, Arpad J. Merva to P&W, and Union Oil Company of California (UNOCAL) to P&W.

9. By deed dated May 30, 2003, CTC conveyed its entire right, title, and interest in the Pier, the underwater land beneath the Pier, the pipelines and the appurtenant berthing and unloading facilities to Dunellen. CTC has since assigned all rights arising out of its ownership of the Pier and appurtenant facilities to Dunellen, including all causes of action and claims for damages since January 1, 1998.

10. By judgment dated September 5, 2003 (the "2003 Judgment"), the United States District Court for the District of Rhode Island entered a final judgment against CTC and Dunellen declaring, in pertinent part, that Getty Properties has the right to use the north side of the Pier and appurtenant facilities as described in a deed dated August 28, 1941 from the trustees-in-bankruptcy of the New York, New Haven and Hartford Railroad Company, as attorneys in fact for P&W, to the Colonial Beacon Oil Company ("Colonial Beacon") and later incorporated in a deed from Getty Oil (Eastern Operations), Inc. to P&W dated August 6, 1975.

11. At Getty Properties' request, the Court expressly declined to declare Getty Properties' common law obligations that burden its right to use the north side of the Pier stating "[h]aving concluded that Getty Properties' rights under the 1941 Deed remain intact, the Court declines Capital Terminal's request to 'declare the obligations that burden those rights' with respect to the parties joint usage of the Pier." An actual controversy now exists as to Getty Properties' common law obligations that burden its now judicially-recognized right to use the north side of the Pier and appurtenant facilities.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

12. Getty Properties has enjoyed the benefit of the Pier and appurtenant facilities since prior to January 1, 2003 and has obtained substantial revenue by leasing its rights to a third party. Nevertheless, Getty Properties refuses to pay any share of the expenses associated with the Pier and appurtenant facilities.

13. Many of the expenses associated with the Pier must be expended regardless of whether the Pier is used or not. Taxes, insurance, and certain repairs, for example, must be paid to maintain the Pier so that it is available to all parties on demand. Thus, whether or not Getty Properties or its tenant uses the Pier, Getty Properties should contribute an equal share toward maintaining the availability of its rights.

14. Getty Properties rights are in the nature of an easement, which it uses in common with Dunellen, the pier owner. Getty Properties is obligated to pay Dunellen at least an equal share of all pier expenses, including expenses associated with pier security improvements, pier improvements, electricity, engineering, insurance, real property taxes, and certain repairs and maintenance for as long as it maintains its rights to use the Pier.

**Count I**
**(Claim for Pier Expenses Since January 1, 2003)**

15. CTC owned the Pier, and the pipelines and appurtenant facilities on the north side of the Pier from January 1, 1998 to May 30, 2003. Dunellen is the assignee of all rights, claims, and causes of action arising out of CTC's ownership of the Pier and the pipelines and appurtenant facilities on the north side of the Pier. Dunellen has owned the Pier, and the pipelines and appurtenant facilities on the north side of the Pier since May 30, 2003.

16. Getty Properties has the right to use the north side of the Pier and appurtenant facilities and leased this right to a third party. No agreement existed between

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Getty Properties and CTC or its successor, Dunellen, since at least January 1, 2003 allocating the costs of pier expenses as between Getty Properties and the pier owner.

17. Getty Properties is obligated to pay Dunellen at least an equal share of all pier expenses, including expenses associated with pier security improvements, pier improvements, electricity, engineering, insurance, real property taxes, certain repairs and maintenance since January 1, 2003.

**Count II**
**(Declaratory Judgment Claim for Future Pier Expenses)**

18. Dunellen realleges and restates the allegations in paragraphs 1 through 17 as if fully set forth herein.

19. Dunellen is the fee simple owner of the Pier, subject to Getty Properties' right to use the Pier, appurtenant facilities, and petroleum pipelines located on the Pier as set forth in the 2003 Judgment.

20. An actual controversy exists between Getty Properties and Dunellen as to the obligations that are incident to Getty Properties' right to use the north side of the Pier and appurtenant facilities.

21. In the absence of an agreement between Getty Properties and Dunellen, Getty Properties should be compelled to pay at least an equal share of all pier expenses, including expenses associated with pier security improvements, pier improvements, electricity, engineering, insurance, real property taxes, and certain repairs and maintenance.

WHEREFORE, Plaintiff hereby requests that this Court:

a) Issue a declaratory judgment, pursuant to RIGL § 9-30-1 et seq., that for as long as Getty Properties claims the right to use the north side of Pier and appurtenant

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

facilities, and in the absence of an agreement allocating pier expenses between the parties, Getty Properties must pay an equal share of all pier expenses, including expenses associated with pier security improvements, pier improvements, electricity, engineering, insurance, real property taxes, and certain repairs and maintenance;

b) Award Dunellen money damages of at least $494,100.50, plus interest; and

c) Grant Dunellen such other and further relief as the Court may deem just, appropriate and equitable.

**TRIAL BY JURY IS HEREBY DEMANDED ON ALL COUNTS THAT MAY BE SO TRIED**

DUNELLEN, LLC

By its attorneys

Gerald J. Petros (#2931)
Mitchell R. Edwards (#6942)
HINCKLEY ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600

Dated: December 15, 2005

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island