UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DUNELLEN, LLC,<br>Plaintiff, | : | |
| v. | : | No. 06-014-T |
| GETTY PROPERTIES CORPORATION,<br>Defendant. | : | |

**DUNELLEN, LLC'S ANSWER TO GETTY PROPERTIES CORPORATION'S COUNTERCLAIM**

Dunellen, LLC ("Dunellen"), by and through it counsel, hereby answers Getty Properties Corporation's ("Getty Properties") counterclaim as follows.

1. Admitted.

2. Admitted.

3. The allegations in Paragraph 3 call for a legal conclusion and therefore no response is required.

4. Admitted.

5. The agreements referred to in Paragraph 5 are in writing and speak for themselves. Getty Properties' characterization of those agreements are denied. Dunellen admits the allegations in the first sentence of Paragraph 5. To the extent there are any allegations remaining, they are denied.

6. Admits that Dunellen owns a petroleum storage terminal facility approximately two and one-half miles up the Seekonk River from the Pier and that petroleum products arriving at the Pier by ship or barge destined for Dunellen's terminal are unloaded and transported to Dunellen's terminal through a 16" pipeline. Admits that Dunellen derives revenue by using this pipeline. Dunellen does not have information

sufficient to admit or deny the allegations in the last sentence of Paragraph 6. Denied that Getty Properties owns both pipelines on the Pier. Denied that Getty Properties "allows" Dunellen to use the pipelines on and off the Pier. Dunellen has the recorded deeded right to use these pipelines. All remaining allegations are denied.

7. The 1984 lawsuit is in writing and speaks for itself. Getty Properties' characterization of the lawsuit is denied. The remaining allegations in Paragraph 7 are denied.

8. The 1985 Settlement Agreement is in writing and speaks for itself. Getty Properties' characterization of that writing is denied. Dunellen denies any remaining allegations in Paragraph 8.

9. The 1985 Settlement Agreement is in writing and speaks for itself. Getty Properties' characterization of that writing is denied. Dunellen denies any remaining allegations in Paragraph 9.

10. The 1985 Settlement Agreement is in writing and speaks for itself. Dunellen denies Getty Properties' characterization of this document. Dunellen denies any remaining allegations in Paragraph 10.

11. Dunellen is without sufficient information to admit or deny the allegations in Paragraph 11 and therefore they are denied.

12. The agreements referenced in Paragraph 12 are in writing and speak for themselves. Dunellen denies Getty Properties' characterization of those documents. The last two sentences of Paragraph 12 are admitted. To the extent any allegations remain, they are denied.

13. Denied.

14. The lawsuit filed by Dunellen is in writing and speaks for itself. Dunellen denies Getty Properties' characterization of this document.

**COUNT I – Breach of Settlement Agreement**

15. Dunellen reasserts the answers to Paragraphs 1 through 14 above as though set forth in full herein.

16. Denied.

17. Denied.

**COUNT II – Unjust Enrichment**

18. Dunellen reasserts the answers to Paragraphs 1 through 17 above as though set forth in full herein.

19. Dunellen admits that Getty Properties owns and maintains two 16" pipelines off the Pier and an additional 16" distillate line on the Pier. Dunellen denies the remaining allegations.

20. Denied.

21. Denied.

**ADDITIONAL DEFENSES**

1. The counterclaim fails to state a claim on which relief can be granted.

2. Getty Properties' claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

3. Getty Properties' claims are barred in whole or in part by the doctrine of accord and satisfaction.

4. Getty Properties' claims are barred in whole or in part by res judicata.

5. Getty Properties' claims are barred in whole or in part by collateral estoppel.

6. Getty Properties' claims are barred in whole or in part by its failure to mitigate damages.

7. Getty Properties' claims are barred in whole or in part by failure of consideration.

8. Getty Properties' claims are barred in whole or in part by release.

9. Getty Properties' claims are barred in whole or in part by waiver and/or estoppel.

10. Getty Properties' claims are barred in whole or in party by the doctrine of release.

WHEREFORE, Dunellen demands:

(a) Judgment in its favor on all counts of the Complaint and Counterclaim;

(b) Interest, costs, and attorneys' fees incurred in this action as allowed by law;

(c) Such other relief as this Court deems just and proper.

DUNELLEN, LLC

By its attorneys

Gerald J. Petros (#2931)
Mitchell R. Edwards (#6942)
HINCKLEY ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600

Dated: February 16, 2006

**CERTIFICATION**

To:

James W. Ryan, Esq.
Robert K. Taylor, Esq.
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903-7120

I hereby certify that a copy of Answer to Counterclaim was mailed to the attorneys of record, as listed above, on this 16th day of February, 2006.

Kandy M. Marchand