UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DUNELLEN, LLC, | : | |
| Plaintiff, | : | |
| v. | : | No. 06-014-ML |
| GETTY PROPERTIES CORPORATION, | : | |
| Defendant. | : | |

**NOTICE OF RULE 30(B)(6) DEPOSITION OF**
**GETTY PROPERTIES CORPORATION**

To: James W. Ryan (#4042)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903

PLEASE TAKE NOTICE that Plaintiff Dunellen, LLC ("Dunellen") will take the testimony of Getty Properties Corporation ("Getty Properties") by deposition before a notary public or some officer authorized by law to take depositions, at the law offices of Hinckley, Allen & Snyder LLP, 50 Kennedy Plaza, Suite 1500, Providence, Rhode Island 02903 on **December 14, 2006 at 10:00 a.m.** or on an adjourned date, and from day to day thereafter until the examination is concluded. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Getty Properties shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the topics set forth in Exhibit A. You are invited to attend and take such part as is appropriate under law.

HINCKLEY ALLEN & SNYDER LLP

/s/Mitchell R. Edwards
Gerald J. Petros (#2931)
Mitchell R. Edwards (#6942)
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)

Attorneys for Dunellen, LLC

Dated: November 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2006, a copy of foregoing Notice of Deposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/Mitchell R. Edwards

## DEFINITIONS

1. "Litigation" means the action brought in the United States District Court for the District of Rhode Island by Plaintiff and against Defendant, and the counterclaims brought by Defendant against Plaintiff under the case action number 06-014 ML.

2. "Pier" means the Wilkesbarre Pier in East Providence, Rhode Island.

3. "Pier Pipelines" means the two petroleum pipelines and the one water pipeline on the Pier as well as the deep water tanker loading/unloading facility and the barge unloading/loading facility.

4. "Off-Pier Pipelines" means the pipelines located off the Pier beginning from the east end of the Pier and running to Dunellen's storage facility.

5. "Dunellen" means Dunellen, LLC and its predecessor-in-interest Capital Terminal Company and its agents, officers, employees or any other person acting for or on its behalf, at its request or under its direction or control.

6. "Getty Properties" means Getty Properties Corporation, including its predecessors-in-interest, and its agents, officers, employees or any other person acting for or on its behalf, at its request or under its direction or control.

7. "Person" means any natural person, corporation, proprietorship, partnership, organization, joint venture, association, trust, partnership, firm or other collective organization or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person."

8. "1985 Settlement Agreement" means the agreement between Texaco Refining and Marketing Inc., Edgar M. Masinter, Linda Eder, Trustees u/a/d June 22,

1982, Robert H. Eder, Capital Properties, Inc., and Providence And Worcester Railroad Company dated January 29, 1985.

9. "1997 Settlement Agreement" means the agreement between the Providence and Worcester Railroad Company and Getty Realty Corp. dated December 15, 1997.

10. "1941 Deed" means the deed between the Providence and Worcester Railroad Company and the Trustees of the property of the New York, New Haven and Hartford Railroad Company dated August 28, 1941.

**EXHIBIT A**

1. The factual bases for Getty Properties' counterclaim for breach of the 1985 Settlement Agreement.

2. The factual bases for Getty Properties' counterclaim for unjust enrichment.

3. The factual bases for the affirmative defenses asserted by Getty Properties in this Litigation.

4. The damages incurred by Getty Properties that it seeks in its counterclaim in this Litigation.

5. The type and amount of all expenses incurred on an annual basis by Getty Properties and/or its tenant, Getty Marketing, since January 2003 for expenses related to the Pier Pipelines and/or the Off-Pier Pipelines.

6. The reimbursement or Getty Properties for expenses related to or associated with the Pier Pipelines and/or the Off-Pier Pipelines.

7. Agreements by third-parties to reimburse Getty Properties for expenses related to or associated with the Pier Pipelines and/or the Off-Pier Pipelines.

8. All communications between Getty Properties and any third-party related to or concerning Pier expenses.

9. All communications between Getty Properties and any third-party related to or concerning Pier Pipeline expenses and/or Off-Pier Pipeline expenses.

10. The documents produced by Getty Properties in this Litigation.

11. The course of dealing that Getty Properties contends existed between Dunellen and Getty Properties with respect to Pier expenses.

12. Agreements between Getty Properties and Getty Petroleum Marketing, Inc. referring to or containing provisions or terms regarding the expenses associated with the Pier Pipelines, the Off-Pier Pipelines and/or the Pier.

13. The relationship between Getty Properties and Getty Petroleum Marketing, Inc.

14. Agreements between Getty Properties and/or its predecessors on the one hand and Dunellen and/or its predecessors on the other hand related to or concerning the Pier, the Pier Pipelines and/or the Off-Pier Pipelines.

15. The condition of the Pier.

16. The Throughput Agreement between Capital Terminal Company and Getty Petroleum Marketing, Inc.

17. Judge Lisi's Decision of September 2003 related to the Pier and Getty Properties' arguments before Judge Lisi in that matter.

18. Judge Almond's Report and Recommendation and Judge Smith's Decision with respect to the 1985 Settlement Agreement and Getty Properties' arguments before Judge Almond and Judge Smith in the matter Capital Terminal Company v. Getty Properties Corp. and Getty Realty Corp., C.A. No. 03-047 ML.

19. The 1985 Settlement Agreement.

21. The 1997 Settlement Agreement.

22. Entities and Persons with the right to use the Pier, the Pier Pipelines, and/or the Off-Pier Pipelines through Getty Properties.

23. Entities and Persons with an ownership interest in the Pier, the Pier Pipelines, and/or the Off-Pier Pipelines.

24. Agreements where Dunellen or its predecessors-in-interest agreed to pay for expenses associated with the Pier Pipelines and/or the Off-Pier Pipelines.

25. 1941 Deed.

26. 1976 Rhode Island Supreme Court decision regarding the Pier.

27. Judge McKiernan's 1975 judgment and decision regarding the Pier and the stipulation signed by Getty Properties predecessor-in-interest, Getty Oil Company (Eastern Operations), Inc., before the Rhode Island Supreme Court issued the 1976 decision.

28. The bases for Getty Properties' refusal to pay for any portion of the Pier expenses incurred from 2003 to the present and any portion of future Pier expenses.

29. Pier expenses.