# EXHIBIT
# 8

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DUNELLEN, LLC
VS. C.A. NO.:06-014 ML
GETTY PROPERTIES CORP.,

DEPOSITION OF TODD TURCOTTE, witness in the above-entitled cause, taken on behalf of the Defendant, pursuant to notice, before Sally Brassard, CSR, a Notary Public in and for the State of Rhode Island and Providence Plantations, at the office of Partridge Snow & Hahn LLP, 180 South Main Street, Providence, Rhode Island, on February 12, 2007, at 2:00 p.m.

APPEARANCES:

FOR THE PLAINTIFF: HINCKLEY ALLEN & SNYDER, LLP
BY: MITCHELL R. EDWARDS, ESQUIRE

FOR THE DEFENDANT: PARTRIDGE SNOW & HAHN LLP
BY: ROBERT K. TAYLOR, ESQUIRE

ALLIED COURT REPORTERS
115 PHENIX AVENUE
CRANSTON, RI 02920
(401) 946-5500

Q. Are there any Wilkesbarre Pier improvement projects that are currently in the planning stage?
A. Yes.
Q. What is that?
A. New fendering system, adjusting the burning plane. There's a new fendering system that is being proposed for the East Dolphin and the West Dolphin, which would require moving out the improvements that have already been done and moving that fendering line out a few feet to accommodate the new style fenders that would be installed on the East and West Dolphins.
Q. And what's the purpose of that improvement?
MR. EDWARDS: Objection.
A. The purpose is to continue the current capacity of the facility to accommodate the different types of vessels that are used at the facility or certified to be used at the facility.
The existing timber and fendering system is antiquated and in constant repair and, basically, is outdated.
New fendering, energy absorption system, which are more effective and more safer for the facility as far as barges or ships coming in to use it that are being installed, more state-of-the-art

fendering systems.

Q. And will that increase the number of vessels that can -- number of types of vessels that can use the pier?

A. Would it increase, no, it would not increase.

Q. It basically improves the effectiveness of the pier protection for the kinds of vessels that are using the pier today.

MR. EDWARDS: Objection.

A. Can you repeat that please, for me?

Q. Is it the case that the purpose of those fendering improvements are to increase the effectiveness of the protection of the pier against damage from the kinds of vessels they're using on the pier today?

MR. EDWARDS: Objection.

A. No.

Q. I just need to ask you to explain to me, again, what the purpose of that improvement is then.

A. Okay. The pier is identified with agencies and with local port authorities, Coast Guard, pilots, certified to be used by certain size and certain range vessels; whether they're brought into the pier or not, they're certified to be able to accommodate that type of vessel.

That certification comes to you, that by

stating that certification, it needs to be able to accommodate those -- that range of vessels. Without that certification, then different vessels cannot come into the pier whether they're being used or not.

The purpose of these improvements is to maintain what exists as that certification but yet at a better operating -- safe operating procedures for the pilots, for the captains of the barges, the tug operators -- provide that facility as far as what state-of-the-art -- or more standard practices in the industry now.

Keeping up with also the changes in regulations for vessels from single hull to double hull; barges, ships, no matter what size. There are different sized vessels now, different energies exerted on the pier based on new regulations as to what they need to be for size.

Q. Okay. Are there any other improvement projects in the wings in the works?

MR. EDWARDS: In the pipeline?

MR. TAYLOR: In the pipeline.

A. Currently, the projects being discussed are the improvements to the berthing plane. That is the highest priority right now.

C-E-R-T-I-F-I-C-A-T-E

I, SALLY BRASSARD, a Notary Public in and for the State of Rhode Island, duly commissioned and qualified to administer oaths, do hereby certify that the foregoing deposition of TODD TURCOTTE, the witness in the above-entitled cause, was taken before me on behalf of the Defendant at the offices of Partridge Snow & Hahn, LLP, 180 South Main Street, Providence, Rhode Island, on February 12th, 2007, at 2:00 P.M., that previous to examination of said witness, who was of lawful age, he was first sworn by me and duly cautioned and sworn to testify the truth, the whole truth, and nothing but the truth, and that he thereupon testified as in the foregoing manner as set out in the aforesaid transcript.

I further certify that the foregoing deposition was taken down by me in machine shorthand and was later transcribed by computer and that the foregoing deposition is a true and accurate record of the testimony of said witness.

Pursuant to Rule 5 (d) and 30 (f) of the Federal Rules of Civil Procedure, original transcripts shall not be filed in court; therefore, the original is delivered and retained by Defendant's attorney.

I have enclosed with a copy of the deposition a correction and signature page, which must be signed before a Notary Public.

IN WITNESS WHEREOF, I have hereunto set my hand this 13th day of February, 2007.

Sally Brassard RPR/CSR Notary Public

SALLY BRASSARD, NOTARY PUBLIC/CSR-RPR
(MY COMMISSION EXPIRES JANUARY 16, 2009)