# EXHIBIT B

Referencef
Land Evidence
Bk 277 Pg 868

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

WHEREAS, the PROVIDENCE AND WORCESTER RAILROAD COMPANY, a corporation under the laws of the States of Massachusetts and Rhode Island, leased its railroad and property, including the premises hereinafter described, to THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, by lease dated December 17, 1892; and

WHEREAS, by the terms of said lease the Providence and Worcester Railroad Company made, constituted and appointed The New York, New Haven and Hartford Railroad Company, its true and sufficient and lawful attorney, from time to time, to bargain and sell lands and structures of said Providence and Worcester Railroad Company as to said The New York, New Haven and Hartford Railroad Company should seem meet, and authorized the last named Company to make, execute, acknowledge and deliver good and sufficient deeds and conveyances of all the right, title and interest of said Providence and Worcester Railroad Company in and to the same, the latter agreeing, whenever thereto requested by said The New York, New Haven and Hartford Railroad Company, and upon reasonable notice, to affix its corporate seal to such deeds and conveyances; and

WHEREAS, in Proceedings for the Reorganization of a Railroad, entitled: "In the Matter of The New York, New Haven and Hartford Railroad Company, Debtor", No. 16562, in the District Court of the United States for the District of Connecticut, the Grantors were appointed the Trustees of the property of said Railroad Company and are now acting as such Trustees; and

WHEREAS, under the provisions of the Acts of Congress relating to Bankruptcy and by order of said Court, the Grantors have title to all of the property of said Railroad Company; and

WHEREAS, on August 27, 1941 the said Court by its Order No. 600 authorized the said Trustees to sell to COLONIAL BEACON OIL COMPANY the interest of the said Debtor in the property of the Providence and Worcester Railroad Company hereinafter described, said property being not needed in the operation of the Debtor's railroad or in the conduct of the Debtor's business;

-2-

NOW, THEREFORE, we, HOWARD S. PALMER, JAMES LEE LOOMIS and HENRY B. SAWYER, as Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, the lessee and attorney-in-fact of the Providence and Worcester Railroad Company, and as Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, for the consideration of Thirty-seven thousand dollars ($37,000.00), DO HEREBY GRANT unto the Colonial Beacon Oil Company, a Massachusetts corporation, and its successors and assigns forever, with QUITCLAIM COVENANTS, free from liens, those certain parcels of upland and river flats situated in the Town of East Providence, County of Providence and State of Rhode Island, delineated and shown as Parcels No. 1, No. 2 and No. 3 on a plan entitled "New York, New Haven and Hartford Railroad Real Estate and Right of Way Department Land in East Providence, R.I. To be conveyed to Colonial Beacon Oil Company. Scale 1" = 100' Mar. 1941", and bounded and described as follows:

PARCEL NO. 1:

Easterly and southerly by remaining railroad upland and river flats in a line which begins at a point distant 152.82 feet northwesterly from the monumented base line of the railroad from East Providence to Bristol, measured radially thereto, at station 731 + 97.97 thereof and thence runs southerly 1161.05 feet in a curve to the left of 1130.51 feet radius, to a point distant 125.73 feet southwesterly from said monumented base line, measured radially thereto, at station 721 + 70.13 thereof and thence turns to the right and runs southwesterly 1277.51 feet to the established easterly harbor line in Seekonk River at a point therein distant 1545.42 feet southwesterly from said monumented base line, measured radially thereto,

Joint 1

Westerly by said established easterly harbor line in Seekonk River in four lines, 99.43 feet, 300 feet, again 300 feet and 513.29 feet in length, respectively;

Northwesterly by upland and river flats of the Trustees of the Boston and Providence Railroad Corporation, Debtor, in a line which begins at a point in said established easterly harbor line in Seekonk River distant 1113.86 feet westerly from said monumented base line, measured radially thereto, at station 725 + 90.97 thereof and thence runs northeasterly 926.83 feet to a point distant 321.34 feet northwesterly from said monumented base line, measured radially thereto, at station 728 + 77.45 thereof and thence continues northeasterly in a curve to the right of 1529.16 feet radius, 437.24 feet to a point distant 136.54 feet northwesterly from said monumented base line, measured radially thereto, at station 731 + 99.62 thereof, and



Northeasterly 4.17 feet by the southerly side line of Tangent Street, so-called, in a line which runs from said last described point southeasterly to said point of beginning, distant 132.82 feet northwesterly, from said monumented base line, measured radially thereto, at station 731 + 97.97;

Containing 1,221,846 square feet.

PARCEL NO. 2:

Southeasterly by river flats of said Trustees of the Boston and Providence Railroad Corporation, Debtor, in a line which begins at a point distant 454.02 feet northwesterly from said monumented base line, measured radially thereto, at station 728 + 90.12 thereof and thence runs southwesterly 749.71 feet to said established easterly harbor line in Seekonk river at a point therein distant 1077.48 feet westerly from said monumented base line, measured radially thereto, at station 726 + 51.91 thereof;

Northwesterly by said established easterly harbor line in Seekonk River in two lines 193.77 feet and 470.62 feet in length, respectively, and

Northeasterly 387 feet by river flats of said Trustees of the Boston and Providence Railroad Corporation, Debtor, in a line which makes an interior angle of 59° with said first described line;

Containing 142,110 square feet.

PARCEL NO. 3:

Northeasterly by remaining railroad upland and river flats in a line which begins at a point in said established easterly harbor line in Seekonk River distant 286.14 feet northwesterly from said monumented base line, measured radially thereto, at station 732 + 78.12 thereof and thence runs southeasterly 114.32 feet to a point distant 181.05 feet northwesterly from said monumented base line, measured radially thereto, at station 732 + 41.73 thereof;

Southeasterly and southwesterly by upland and river flats of said Trustees of the Boston and Providence Railroad Corporation, Debtor, in a line which begins at said last described point and thence runs southwesterly 413.72 feet in a curve to the left of 1588.16 feet radius to a point distant 346.72 feet northwesterly from said monumented base line, measured radially thereto, at station 729 + 42.20 thereof and thence turns to the right and runs northwesterly 457.88 feet to said established easterly harbor line in Seekonk River at a point therein distant 793.5 feet northwesterly from said monumented base line, measured radially thereto, at station 730 + 06.28 thereof, and

Northwesterly, northerly, northeasterly and again northwesterly, by said established easterly harbor line in Seekonk River in four lines, 128.4 feet, 117.83 feet, 320.55 feet and 158.81 feet in length, respectively;

And said Parcel No. 3 is conveyed subject to such passway rights, if any, there may be in that part thereof lying within the limits of Tangent Street, so-called.

Together with the right to pass and repass on foot and with vehicles over a parcel of land 40 feet in width between said Tangent Street and said described Parcel No. 1, the southerly boundary thereof being in prolongation westerly of the southerly side line of Shore Street as laid out and established;



Reserving to the Providence and Worcester Railroad Company, its successors and assigns forever, the right to construct and maintain a pier on said Parcel No. 1 in the area between the southeasterly boundary thereof and the northwesterly line of the present pier thereon extending westerly to said established harbor line in the Seekonk River or to the harbor line as the same may exist when such pier is built, the right to construct a pier being deemed to include the right to remove any pier now or hereafter existing within said area, to extend a pier constructed in the exercise of the right hereby reserved and to construct at any time or from time to time a new pier in place of any pier constructed in the exercise of said right, provided that such removal, extension and construction shall be done in such manner as not to interfere with the use hereinafter provided for by the Grantee, its successors or assigns, of the northerly side of a pier within said area and that any pier constructed or extended at any time in the exercise of said right shall be so constructed or extended as to permit along the northerly side thereof the convenient erection, use and maintenance of such pipe lines and equipment appurtenant thereto as shall be required by the Grantee, its successors or assigns, in the regular conduct of its or their petroleum products business; it being understood and agreed that the right hereby reserved may be exercised in behalf of the Providence and Worcester Railroad Company, its successors or assigns, by the lessee for the time being under said lease dated December 17, 1892, and it being also understood and agreed that any pier constructed in the exercise of the right hereby reserved is to remain the property of the Providence and Worcester Railroad Company, and its successors and assigns, and that it or they will pay all taxes assessed thereon except the taxes on the pipe lines and equipment appurtenant thereto hereinafter referred to and that the Grantee, its successors and assigns, shall have the right to erect, replace, use and maintain its pipe lines and equipment appurtenant thereto on the northerly side of any pier constructed in the exercise of the right hereby reserved and the right to have the free and uninterrupted use of the berth on the northerly side of said pier for the delivery of petroleum products and other merchandise used in connection with its or their petroleum products business, this right, however, not to be deemed to exclude the right of the Providence and Worcester Railroad Company, its successors and assigns, to have vessels use said berth so far as may be consistent with such free and uninterrupted use by the Grantee, its successors and assigns, provided that (1) said pipe lines and equipment shall be located so as to interfere as little as practicable, consistently with their convenient location for the purposes for which they are required, with the use of such pier by the Providence and Worcester Railroad Company, its successors and assigns; (2) the Grantee, its successors or assigns, shall remove said pipe lines and equipment upon abandoning the use of the same and (3) the Grantee, its successors or assigns, shall annually reimburse the Providence and Worcester Railroad Company, its successors and assigns, for the taxes assessed on said pier to an amount equivalent to what the taxes would have been on the last assessed valuation of the pier owned by the Grantee, its successors or assigns, and removed for the construction of such pier constructed in the exercise of the right hereby reserved, apart from any pipe lines and equipment on the pier so removed, had said pier

continued to have been owned by the Grantee, its successors or assigns, and not been removed, but the Grantee, its successors and assigns, shall be entitled to a fair and equitable credit against such amount for any taxes paid by it or them during such year on the land occupied by said pier;

Reserving also to the Providence and Worcester Railroad Company, its successors and assigns forever, the right to have the area adjacent to any pier constructed in the exercise of the right hereby reserved kept free from structures which would prevent the berthing of vessels on the northerly side of said pier and to dredge within the area required for such berthing so as to render and maintain said area available for such berthing;

Reserving also to the Providence and Worcester Railroad Company, its successors and assigns forever, a right of way in the location indicated upon said plan for a railroad track and roadway and the right to construct and maintain a railroad track and roadway in said location; it being understood and agreed that the Grantee, its successors or assigns, shall not be obligated to keep said location clear of obstructions so long as the Providence and Worcester Railroad Company, its successors or assigns, do not desire to use the same in connection with the construction or maintenance of a pier in the exercise of the right hereinbefore reserved, but that the Grantee, its successors or assigns, shall clear said location from all obstructions upon ninety days' written notice from the Providence and Worcester Railroad Company, its successors or assigns.

AND for the consideration aforesaid the Rhode Island Hospital Trust Company, Trustee under a certain mortgage of said Providence and Worcester Railroad Company and said The New York, New Haven and Hartford Railroad Company, dated June 1, 1897, and recorded in the East Providence Land Records in Book 24 at page 293, does hereby release the premises hereinbefore described from the lien and operation of said mortgage and a supplement thereto dated September 13, 1935, recorded in Book 104 at page 628; but this release shall not in any way affect or impair the rights of the Trustee with respect to the remainder of the premises conveyed by said mortgage and supplement and not heretofore released.

IN WITNESS WHEREOF we, the said Howard S. Palmer, James Lee Loomis and Henry B. Sawyer, as Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, the lessee and attorney-in-fact of the Providence and Worcester Railroad Company, and as Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, have hereunto set our hands and seals, and said Rhode Island Hospital Trust Company, Trustee,

-6-

has caused its corporate seal to be hereto affixed and these presents to be signed by its proper officer or officers thereunto authorized, this 28th day of August, 1941.

Providence & Worcester Railroad Company Incorporated 1844

PROVIDENCE AND WORCESTER RAILROAD COMPANY

Howard S Palmer (L.S.)
James Lee Loomis (L.S.)
Henry B. Sawyer (L.S.)

Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, the lessee and attorney-in-fact of the Providence and Worcester Railroad Company.

Attest:
Walter A. Edwards
President of Providence and Worcester Railroad Company.

#40.70 ... #40.70
Prov 9/11/41
Forty Dollars Seventy Cents

Howard S. Palmer (L.S.)
James Lee Loomis (L.S.)
Henry B. Sawyer (L.S.)

Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor.

RHODE ISLAND HOSPITAL TRUST COMPANY, TRUSTEE,

By F. F. Arnold (L.S.)
Trust Officer

By F. E. Atkinson
Asst Trust Officer

Approved as to form:

Description approved:

A. L. B



STATE OF CONNECTICUT)
County of New Haven ) ss.:
City of New Haven )

On this 28th day of August, 1941, before me appeared Howard S. Palmer, James Lee Loomis and Henry B. Sawyer, to me personally known, who, being by me duly sworn, did say that they are Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, the lessee and attorney-in-fact of the Providence and Worcester Railroad Company, and acknowledged the foregoing to be their free act and deed and the free act and deed of the Providence and Worcester Railroad Company by virtue of the power of attorney-in-fact contained in the lease of the Providence and Worcester Railroad Company to The New York, New Haven and Hartford Railroad Company, bearing date the seventeenth day of December, 1892.

W H Rowland
Notary Public

STATE OF CONNECTICUT)
County of New Haven ) ss.:
City of New Haven )

On this 28th day of August, 1941, before me appeared Howard S. Palmer, James Lee Loomis and Henry B. Sawyer, to me personally known, who, being by me duly sworn, did say that they are Trustees of the property of The New York, New Haven and Hartford Railroad Company, Debtor, and that as said Trustees, they were duly authorized to execute said instrument and acknowledged said instrument to be their free act and deed.

W H Rowland
Notary Public

STATE OF RHODE ISLAND)
County of Providence ) ss.:
City of Providence )

On this 8th day of September, 1941, before me appeared F. F. Arnold and F. E. Atkinson to me personally known, who, being by me duly sworn did say that they are respectively a Trust Officer and Assistant Trust Officer of the Rhode Island Hospital Trust Company, Trustee; that the seal affixed to said instrument is the corporate seal of said corporation; that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said F. F. Arnold and F. E. Atkinson acknowledged said instrument to be the free act and deed of said corporation.

Claude L. Belknap
Notary Public
My Commission Expires June 30, 1946


SEEKONK RIVER
Parcel No 1
Parcel No 2
Water Area - 142,110 Sq.Ft.
Parcel No 3
Boston and Providence R.R. Corp.
Boston and Providence R.R. Corp.
Providence and Worcester R.R. Co.
Providence and Worcester R.R. Co.
Right of Way for Railroad Track and Roadway