# EXHIBIT 13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

DUNELLEN, LLC,

Plaintiff,

v.

GETTY PROPERTIES CORP.,

Defendant.

C.A. No. 06-014 ML

## GETTY PROPERTIES CORP.'S RESPONSES TO DUNELLEN, LLC'S REQUEST FOR ADMISSIONS

Defendant Getty Properties Corp. ("Getty") hereby responds to Plaintiff Dunellen, LLC's ("Dunellen") Request for Admissions as follows:

## RESPONSES

**REQUEST NO. 1:**

Admit that there is currently no agreement in effect between Dunellen and Getty Properties governing the apportionment of expenses associated with the repair, maintenance, and improvements to the Pier.

**RESPONSE NO. 1:**

Admitted that no express agreement exists. Otherwise, denied.

**REQUEST NO. 2:**

Admit that there has been no agreement in effect between Dunellen and Getty Properties governing the apportionment of expenses associated with the repair, maintenance, and improvements to the Pier since March 2003.

**RESPONSE NO. 2:**

Admitted that no express agreement exists. Otherwise, denied.

**REQUEST NO. 3:**

Admit that the Honorable Mary M. Lisi stated in a Memorandum and Decision in the civil action Getty Petroleum Marketing, Inc. and Getty Properties Corp. v. Capital Terminal Company and Dunellen, LLC, C.A. No. 00-381 ML that "[i]t is undisputed that Getty Properties (formerly Getty Realty), pursuant to a reservation of rights under the 1941 Deed and through a series of subsequent agreements, had an easement giving it the right to use the north side of the Wilkesbarre Pier up until, at least, 1997."

**RESPONSE NO. 3:**

Admitted that the Honorable Mary M. Lisi's Memorandum and Decision in the civil action Getty Petroleum Marketing, Inc. and Getty Properties Corp. v. Capital Terminal Company and Dunellen, LLC, C.A. No. 00-381 ML, speaks for itself. Otherwise, denied.

**REQUEST NO. 4:**

Admit that Getty Properties has never sought reconsideration of the statement quoted in paragraph 3 above from Judge Lisi's Memorandum and Decision.

**RESPONSE NO. 4:**

Admitted that the record in Getty Petroleum Marketing, Inc. and Getty Properties Corp. v. Capital Terminal Company and Dunellen, LLC, C.A. No. 00-381 ML, speaks for itself. Otherwise, denied.

**REQUEST NO. 5:**

Admit that Getty Properties has never taken an appeal to attempt to modify, change or alter the statement quoted in paragraph 3 above from Judge Lisi's Memorandum and Decision.

**RESPONSE NO. 5:**

Admitted that the record in Getty Petroleum Marketing, Inc. and Getty Properties Corp. v. Capital Terminal Company and Dunellen, LLC, C.A. No. 00-381 ML, speaks for itself. Otherwise, denied.

**REQUEST NO. 6:**

Admit that Getty Properties predecessor-in-interest, Getty Oil Company (Eastern Operations), Inc. settled its dispute with Dunellen's predecessor-in-interest, Providence and Worcester Railroad Company, before the Rhode Island Supreme Court issued its decision regarding the Pier in 1976.

**RESPONSE NO. 6:**

Getty objects to this request on the grounds that the phrase "its dispute" is vague and ambiguous.

**REQUEST NO. 7:**

Admit that as part of the settlement referred to in paragraph 6 above, Getty Properties predecessor-in-interest, Getty Oil Company (Eastern Operations), Inc., agreed by stipulation in the action Providence and Worcester Company et al v. Exxon Corporation et al. and Providence and Worcester Company et al. v. Humble Oil & Refining Company et al., C.A. No. 74-309A to (1) discontinue its appeal in the action, (2) withdraw as a party appellant in each of the consolidated cases and (3) that "Judgment of the Superior Court in each of said cases may be affirmed in all respects."

**RESPONSE NO. 7:**

Admitted that the stipulation in the action Providence and Worcester Company et al v. Exxon Corporation et al. and Providence and Worcester Company et al. v. Humble Oil & Refining Company et al., C.A. No. 74-309A, speaks for itself. Otherwise, denied.

**REQUEST NO. 8:**

Admit that a true and correct copy of the stipulation referred to in paragraph 7 above is attached hereto as Exhibit A.

**RESPONSE NO. 8:**

Admitted.

**REQUEST NO. 9:**

Admit that a true and correct copy of the Judgment and Decision of the Superior Court in cases identified in paragraph 7 above is attached hereto as Exhibit B.

**RESPONSE NO. 9:**

Admitted.

**REQUEST NO. 10:**

Admit that Getty Properties' predecessor-in-interest was not an appellant, appellee, or other party to the Rhode Island Supreme Court decision styled Providence and Worcester Company et al. v. Exxon Corporation et al., and Providence and Worcester Company v. Humble Oil & Refining Company et al., 116 R.I. 470, 359 A.2d 329 (R.I. 1976).

**RESPONSE NO. 10:**

Admitted that the record in Providence and Worcester Company et al. v. Exxon Corporation et al., and Providence and Worcester Company v. Humble Oil & Refining Company et al., 116 R.I. 470, 359 A.2d 329 (R.I. 1976), speaks for itself. Otherwise, denied.

GETTY PROPERTIES CORP.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

James W. Ryan (#4042)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 FAX
jwr@psh.com
rkt@psh.com

DATED: January 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing GETTY PROPERTIES CORP.'S RESPONSES TO DUNELLEN, LLC'S REQUEST FOR ADMISSIONS was sent by prepaid first class mail on the 17th day of January, 2007, addressed to:

Gerald J. Petros, Esq.
Mitchell R. Edwards, Esq.
Hinckley Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

890063_1/2900-7